**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MORRIS GREEN, Jr., | No. 21-16465 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00607-TSH |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; S.F. PUBLIC UTILITIES COMMISSION, all its agents involved in their individual and official capacities, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted November 2, 2023**

Before: O'SCANNLAIN, FERNANDEZ, SILVERMAN, Circuit Judges.

Green appeals pro se from the district court's summary judgment for the

defendants. He also challenges several orders that the district court issued and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

argues that the court was biased. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

Summary judgment is appropriate when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The district court thoroughly analyzed each of Green's claims and provided numerous reasons for granting summary judgment to the City on each claim. Green did not demonstrate that there were genuine issues of material fact by citing particular evidence in the record, *see Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996), and he has not addressed many of the district court's legal conclusions supporting its judgment.

## II

District courts have discretion to make evidentiary rulings, and these rulings will be reversed for abuse of discretion only if they likely affected the verdict. *United States v. Whittemore*, 776 F.3d 1074, 1077-78 (9th Cir. 2015). Green's declaration consisted solely of pages from his prior filing and would have thwarted the court's order and local rules. Green failed to address the court's numerous grounds for excluding the declarations in his support. Neither Green's declaration nor those in his support provided material evidence that would change the district court's judgment. The court did not abuse its discretion in striking them.

**III**

A court may grant leave to amend pleadings after the deadline in a scheduling order only for "good cause." Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Green specifically referred to Eickman, Henderson, and Moala in his original complaint; he alleged the causes of his proposed additional disabilities in his original complaint; and he failed to properly serve Harrison and Lipps, *see* Fed. R. Civ. P. 4(e). The district court did not abuse its discretion by denying Green leave to amend his complaint to add these allegations or defendants.

District courts have "broad discretion" to manage pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The district court did not abuse its discretion by vacating its order for a case management conference or cancelling oral argument for the summary judgment motion, as its local rules empowered it to do. N.D. Cal. Civ. R. 7-1(b), 16-10(a). Nor did the court abuse its discretion by striking Green's overlength and untimely filings.

District courts have broad discretion to oversee discovery. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). The district court did not abuse its discretion by declining to reopen discovery because Green already had ample opportunity to conduct discovery.

## IV

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The district court's rulings here would not cause a reasonable person to question the court's impartiality, *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019), nor do the rulings demonstrate an antagonism "that would make fair judgment impossible," *Liteky*, 510 U.S. at 555. The district court's appropriate citation of relevant Ninth Circuit caselaw does not suggest bias, nor do its other statements evaluating the evidence or ruling on filings throughout litigation. *Cf. United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

**AFFIRMED.**